IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEYSON ELISEO DIAZ CHOMA, | ) |
| Petitioner, | ) Civil Action No. 25-523J |
| v. | ) District Judge Stephanie L. Haines<br>) Magistrate Judge Maureen P. Kelly |
| MICHAEL T. ROSE, *Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, et al.*, | ) Re: ECF No. 1 |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus (the "Petition"), ECF No. 1, be conditionally granted. Petitioner further should be granted a period of time to submit a motion for fees and/or costs, should he wish to do so. See id. at 25.

**II.   REPORT**

Petitioner Jeyson Eliseo Diaz Choma ("Petitioner") is an immigration detainee who currently is held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania. Petitioner submitted the Petition on December 15, 2025. ECF No. 1.

In the Petition, Petitioner challenges his mandatory immigration detention pursuant to 8 U.S.C. § 1225(b)(2)(A). ECF No. 1 at 1-2; see also ECF No. 8 at 2. Petitioner asserts that he is subject to detention pursuant to a different statute – 8 U.S.C. § 1226(a) – which would allow him the possibility of release on bond. ECF No. 1 at 3-4.

For the reasons that follow, the Petition should be conditionally granted.

A.   **Relevant Background and Facts**

In the Petition, Petitioner alleges that he is a citizen of Guatemala. Id. at 5; ECF No. 1-1 at 1. Petitioner alleges that he entered the United States sometime in 2013 without inspection or admission. ECF No. 1 at 6-7. Petitioner avoided the notice of immigration authorities until October 31, 2025, when he was arrested by immigration and border patrol agents during a traffic stop in Norristown, Pennsylvania. ECF No. 8-1 at 4.

On that date, Petitioner was served a Notice to Appear by immigration authorities charging him with being removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General, and pursuant to INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by [the INA], and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required . . . by the Attorney General.[1] ECF No. 1-1 at 4. He has been held without bond in immigration detention ever since.

There is no indication on the record that a final order of removal has been entered against Petitioner.

Respondents answered the Petition on January 6, 2026. ECF No. 8. Respondents argue that Petitioner is not entitled to a bond hearing under Section 1226(a) because he is an "applicant

---

[1] Rather than citing to the United States Code, and for reasons that are unclear, immigration officials tend to cite directly to sections of the Immigration and Nationality Act ("INA"). These citations often do not match up to the United States Code in any discernable fashion. In order to avoid unnecessary confusion, this Court will provide parallel citations to the United States Code and the INA where necessary.

2

for admission," and thus mandatorily detained pursuant to Section 1225(b)(2). Id. at 2-3 (citing, inter alia, Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)).

Respondents concede that the legal interpretation rendering Petitioner ineligible for bond is a recent one, and that prior to July 8, 2025, it was the position of the Department of Homeland Security ("DHS") and the immigration courts that Petitioner would have been eligible to apply for discretionary bond pursuant to Section 1226(a). ECF No. 8 at 8-9 and n.5. To her credit, Respondent's counsel further concedes that the logic of her argument has been rejected in multiple opinions issued by judges within the Western District of Pennsylvania. Id. at 2-3 n.1 (collecting cases).

By way of relief, Petitioner asks for immediate release from immigration detention, or for a bond hearing pursuant to Section 1226(a). ECF No. 1 at 25.

The Petition is ripe for consideration.

**B.     Discussion**

28 U.S.C. § 2241 allows a court to grant a writ of habeas corpus to a prisoner held "in violation of the Constitution or laws or treaties of the United States[.]" Id. at § 2241(c)(3). This Court has jurisdiction to hear the merits of the instant case under that statute. Bystron v. Hoover, 456 F. Supp. 3d 635, 640 (M.D. Pa. 2020) (citing Demore v. Kim, 538 U.S. 510 (2003) and Zadvydas v. Davis, 533 U.S. 678 (2001)).

8 U.S.C. § 1226 – the statute that Petitioner argues should apply to his current detention – states, in pertinent part:

> Apprehension and detention of aliens
>
> (a) Arrest, detention, and release

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on –
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; but
>
> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

In contrast, 8 U.S.C. § 1225– the statute that Respondent argues should apply – states, in pertinent part:

> Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing
>
> a) Inspection
>
> (1) Aliens treated as applicants for admission
>
> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.
>
> ****
>
> (2) Inspection of other aliens
>
> (A) In general
>
> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond

> a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

Historically, there would have been no dispute that Petitioner was entitled to a bond hearing before an immigration judge pursuant Section 1226(a). See ECF No. 8 at 8. However, recent changes in policy by Immigration and Customs Enforcement ("ICE"), see https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited Jan. 9, 2026), and the decision of the Board of Immigration Appeals essentially ratifying this policy in Hurtado, have resulted in the mandatory detention of aliens who entered the United States without inspection, regardless of where they were apprehended or how long they have been physically present in the United States. See Hurtado, 29 I&N Dec. at 228-29.

The reasoning in Hurtado has been soundly rejected by the overwhelming majority of district courts that have opined on it. See, e.g., Bethancourt Soto v. Soto, --- F.Supp.3d ----, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases). For the reasons recently and ably articulated by District Judge Stephanie Haines in Calzado Diaz v. Noem, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025), the undersigned joins the chorus of federal judges who have rejected Hurtado.

The crux of Petitioner's arguments is that his rights are violated because he has been denied a bond hearing before a neutral arbiter under Section 1226. ECF No. 1 at 12. Thus, the undersigned declines to recommend outright release. Instead, because Petitioner's detention is governed by Section 1226(a), he has a statutory right to a bond hearing. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

5

See also 8 C.F.R. § 1003.19. Accordingly, a hearing before an immigration judge is the proper forum to determine whether bond is appropriate under that statute and the applicable regulations.

Any other habeas relief requested by Petitioner should be denied.[2]

A certificate of appealability is not required for federal detainees seeking relief under Section 2241. Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). See also 28 U.S.C. § 2253(c)(1). Therefore, it is not necessary to determine whether one should be issued here.

## III.   CONCLUSION

For the reasons set forth herein, the Petition, ECF No. 1, should be conditionally granted. Respondents should be required to provide Petitioner with a substantive bond hearing before a neutral immigration judge forthwith, and to timely notify the Court of the results of said hearing. If Respondents fail to do so, the writ should issue, and Petitioner should be released from immigration custody subject to conditions consistent with applicable law. Petitioner further should be granted a period of time to submit a motion for fees and/or costs, should he wish to do so. See ECF No. 1 at 25.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

---

[2] This Report and Recommendation should not be interpreted to recommend foreclosing a challenge to Petitioner's detention in the future if it becomes unreasonably prolonged. See German Santos v. Warden Pike Cnty. Corr. Fac., 965 F.3d 203 (3d Cir. 2020). Nor should it be interpreted to limit any arguments that Petitioner might make in a forthcoming bond hearing.

Any party opposing objections may file their response to the objections within fourteen days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: January __9__, 2026

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   The Hon. Stephanie L. Haines
      United States District Judge

      Counsel of record (*via* CM/ECF)